UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ISAAC ALFONSO LEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3063 |
| ) | |
| SHERIFF NEIL WILLIAMSON, ) | |
| LIEUTENANT CANDI CANE, ) | |
| C/O JOHN KIRBY, ) | |
| C/O JIMMY WYSE, and ) | |
| SERGEANT BRIAN CARRIE, ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Lawrence Correctional Center, pursues claims arising from an incident which occurred during his detention in the Sangamon County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such

1

process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On January 19, 2012, while detained in the Sangamon County Jail, Plaintiff got into an altercation with another inmate, who struck him in the face with a sock holding batteries. Defendant Cane rushed in and sprayed the other inmate with mace. Though the situation was under control and Plaintiff was returning to his room, Defendant Wyse threw Plaintiff into a wall, and Defendant Carrie forcefully twisted Plaintiff's wrist. Plaintiff suffered severe pain about his face, wrist, and arm. He

was kept in segregation for four days without a disciplinary ticket, but the other inmate was not placed in segregation. Plaintiff's pleas for medical attention were ignored.

## ANALYSIS

Plaintiff's allegations are short on detail, but he alleges facts sufficient to infer plausible constitutional claims for excessive force and deliberate indifference to his need for medical attention. As for his segregation, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. . . . But no process is required if he is placed in segregation not as punishment but for managerial reasons." Higgs v. Carver, 286 F.3d 437 (7th Cir. 2002)(citations omitted). The reasons for Plaintiff's segregation are not in the record, making dismissal of the segregation claim premature.

However, Sheriff Williamson will be dismissed. He cannot be held liable for the constitutional violations of others solely because he is in charge. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir.

2001)(no respondeat superior liability under § 1983).  No plausible inference arises that Williamson participated in, directed, approved of, or turned a blind eye to the adverse actions.  See Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement).

IT IS THEREFORE ORDERED:

1)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal constitutional claims: 1) excessive force; 2) deliberate indifference to Plaintiff's need for medical attention for injuries and pain; and, 3) placement in segregation without due process.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for

Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

   3) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

   4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

   5) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should

include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 27, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED:   September 24, 2012

FOR THE COURT:

                                                s/Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE